IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHANNON DOUTHIT, <br> TDCJ #453033, <br><br> Plaintiff, <br><br> v. <br><br> K. DEAN, *et al.*, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br><br> CIVIL ACTION NO. H-12-2345 |

# MEMORANDUM AND ORDER
# ON PARTIAL DISMISSAL

State prisoner Shannon Douthit brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights and the Americans with Disabilities Act (ADA) in his complaint (Doc. #1). He proceeds *pro se* and *in forma pauperis*. Douthit named the following individuals in his complaint: Hughes Unit Assistant Warden Kenneth Dean, Hughes Unit Assistant Warden Devery Mooneyham, Smith Unit Warden Volgelsang, Smith Unit Chief of Classification Mr. Ramsey, Pack I Assistant Warden Carey Staples, Pack I Chief of Unit Classification Monica Suarez, Sandra Murphy of the Central Grievance Official , Cheryl Lawson of the Regional Director's Office, Linda Richey of the Regional Director's Office, Assistant Regional Director Bruce Armstrong, Pack I Warden Robert Herrera, and TDCJ Chairman of the Board Oliver J. Bell. At the Court's request, Douthit supplemented his complaint with a more definite statement of his claims (Doc. #8). After reviewing Douthit's

pleadings, the court will dismiss his civil rights claims regarding his claims about his conditions of confinement and disciplinary actions taken against him. However, the court will retain Douthit's retaliation claims, medical claims, and ADA claims for the reasons set forth below.

## I. BACKGROUND AND CLAIMS

Douthit, is an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ") at the Pack I Unit near Navasota, Texas. He is 48 and an amputee, has been in TDCJ serving a life sentence for capital murder since June 2, 1987. He wears a prosthetic leg and needs accommodations for his disability. He states that he needs to use the showers at the infirmary where a chair is available. Douthit claims that he has been denied adequate handicapped shower accommodations. Douthit complains that the medical showers are usually nonfunctional and, at one unit, the shower seat collapsed preventing him from sitting while he bathed. (Doc. # 8, at 4). Douthit contends that the defendants' failure to accommodate his needs is a violation of the ADA.

Douthit asserts that when he complained about the condition at the Hughes Unit, he was transferred to the Smith Unit, and then to the Pack Unit. *Id.* Douthit complains that the transfers were retaliatory because he was placed with younger offenders. *Id.* at 4-5. He also complains that he lost some of his personal property during the transfer from the Hughes Unit to the Smith Unit.

Another ADA related problem concerns Douthit's use of the telephone at the prison. According to Douthit, inmates are given access to a telephone so that they may talk with their

families. Douthit alleges that he used the telephone several times a week to talk to his wife and parents from 2009 through 2011 but he developed sores on his stump because he was forced to stand during his phone conversations. (Doc. # 8, at 6). Douthit further complains that he was denied over the counter medications and lotions by the unit commissary for his sores although he did not have funds to pay for them and that state law authorized over the counter medications for indigent inmates. (Doc. #1, at 8). Douthit claims that he has had to reduce his phone usage by calling his parents only once a week and not calling his wife. He contends he encountered this problem at the TDCJ Hughes Unit, Bill Clements Unit, and the Pack I Unit and that he is entitled to seating near a phone under the ADA.

Douthit claims subject to disciplinary proceedings which he contends violated his due process rights. (Doc. # 8, at 1). He also claims that the disciplinary actions were retaliatory. *Id.* Douthit states that he was charged with fighting another inmate and that he pled guilty to the charge. He admits that he pled guilty to the charge and that he was given written notice in advance of the charges. Counsel substitute represented Douthit at the hearing and Douthit was permitted to submit a guard's (Mr. Garrett) favorable written testimony. *Id.* Douthit was found guilty of the charge and was assessed the following punishments: 30 days of commissary restriction; forfeiture of 15 days of good conduct credit; and loss of contact visitation for 3 months. *Id.* at 2. He claims that he appealed but the Unit Classification Committee (UCC) subsequently demoted him to Line Class 1.

Douthit contends that the punishments were outside of the TDCJ guidelines, and that the UCC had no authority to relegate his classification. *Id.* He alleges that the actions taken

3

against him increased his punishment by delaying his eligibility for parole consideration. He also complains that Mr. Garrett was not allowed to be present to give live testimony. Douthit asserts that the disciplinary action was overturned on appeal and that his classification was restored. However, he contends that his parole eligibility is still adversely affected. Douthit asserts that his new parole review date is September, 2012, but that he has still not been interviewed by the Parole Board because they have not been notified of the reinstatement of his classification.

Douthit seeks compensatory damages in the amount of $100,00.00 from each defendant. He also seeks $200,000.00 in punitive damages from each defendant along with court costs.

## II. STANDARD OF REVIEW

Douthit, is a prisoner and is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(b). Regardless of whether a civil rights litigant proceeds *in forma pauperis*, a district court may scrutinize the basis of the complaint and, if appropriate, dismiss the case without service of process if it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A; *Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (citations omitted). A district court may dismiss a complaint as frivolous "if it lacks an arguable basis in law or fact." *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.

2002). Under this standard, "[t]he complaint Under this standard, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

Because the complaint is governed by the Prison Litigation Reform Act (the "PLRA"), the district court may also scrutinize the basis of the complaint and, if appropriate, dismiss the case at any time if the court determines that the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997e(c) and 28 U.S.C. § 1915A(b). In conducting the foregoing analysis, a prisoner's *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

## III. DISCUSSION

### A. Prison Disciplinary Action - Due Process

Part of Douthit's complaint concerns the disciplinary actions taken against him. He asserted that Suarez was responsible for the alteration of his disciplinary record which resulted in his demotion in time earning classification. He further complains that Murphy, Lawson, Richey, Armstrong, Bell, and Herrera violated his rights by failing to investigate and resolve his complaint about the alleged due process violations.

A prisoner facing a disciplinary hearing is in a different position from that of a

defendant in a criminal trial; prisoners in such proceedings are not entitled to the rights due to defendants. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). A prisoner's rights are not violated if he receives (1) written notice of claimed violation, at least 24 hours in advance of the hearing; (2) written statement of the Disciplinary Hearing Officer as to evidence relied on and reason for disciplinary action taken; and (3) opportunity to call witnesses and present documentary evidence in defense when permitting an inmate to do so would not be unduly hazardous to institutional safety or correctional goals. *Id.* at 563-67. Douthit was afforded these rights at his hearing, including his right to present witness testimony. *Thomas v. Estelle*, 603 F.2d 488, 490 (5th Cir. 1979). Moreover, an inmate's liberty interests are implicated only when the disciplinary measures taken against him inflict deprivations that are atypical and significant in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). A prisoner's loss of privileges, such as access to the prison commissary, is merely a modification of his confinement conditions of and does not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995) (" . . . it is difficult to see that any other deprivations in the prison context, short of those that clearly impinge on the duration of confinement, will henceforth qualify for constitutional liberty status."). As noted above, Douthit is serving a life sentence for capital murder. *See also* TDCJ Website, http://offender.tdcj.state.tx.us. Consequently, his loss of good time does not implicate due process concerns because he is not eligible for mandatory supervision. *See Arnold v. Cockrell,* 306 F.3d 277, 278 (5th Cir.2002) (the prisoner was not eligible for release under

mandatory supervision because "his calendar time combined with his good conduct time will never reach a life sentence."); *Ex Parte Franks,* 71 S.W.3d 327, 328 (Tex. Crim. App. 2001). Moreover, a prisoner does not have a constitutional right to be released prior to the expiration of his sentence. *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1 (1979); *Wottlin v. Fleming*, 136 F.3d 1032, 1037 (5th Cir. 1998).  Douthit's temporary suspension of visitation privileges is not actionable either. *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 461 (1989)  (denial of visitation is a customary element of a prison sentence); *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir.1999) (prison officials may exercise their discretion with regard to inmates' visitation privileges).  His demotion in time earning status, which was subsequently restored, does not support a civil rights claim because prisoners do not have a right to a particular classification. *Malchi*, 211 F.3d at 959; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). *See also Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995)(losing the ability to accrue good time credits does not inevitably affect the length of the sentence).

There is no legal support for Douthit's claim that the disciplinary action taken against him violated his rights.  There is also no basis regarding his complaint that Murphy, Lawson, Richey, Armstrong, Bell, and Herrera failed to resolve his grievances regarding the disciplinary action and the demotion in time earning status. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).   Therefore, the claims against Murphy, Lawson, Richey,

Armstrong, Bell, and Herrera, as well as Suarez, are dismissed as frivolous and they are dismissed as defendants in this action.

### B. Conditions of Confinement and Loss of Property

Douthit contends that prison officials exposed him to assault by other prisoners. Under the Constitution's Eighth Amendment, prison officials have a duty to protect inmates from other inmates' assaults. *Farmer v. Brennan*, 511 U.S. 825, 833 (1974). "Prison officials are not, however, expected to prevent all inmate-on-inmate violence." *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003), *citing Farmer*. A custodial official cannot be held liable unless he knows of and disregards an excessive risk to the inmate's health and safety. *Farmer*. at 837. Douthit complains that he was wrongly housed with gang members who were younger than him. He also points out that he is disabled, but he does not allege that he was attacked or harmed by the placement or that he was an obvious target for an assault. A prisoner cannot recover for damages if he did not suffer any physical harm for allegedly inhumane conditions. *Alexander v. Tippah County, Miss*., 351 F.3d 626, 631 (5th Cir. 2003), (citing 42 U.S.C. S 1997e(e)). Although Douthit alleges circumstances from which a risk to his safety may be implied, he has failed to assert facts indicating that the placement was the result of deliberate indifference and not mere negligence. Douthit's placement with gang affiliated inmates, without more, does not implicate the Eighth Amendment; nor does it support a due process claim barring a showing of 'atypical and significant hardship.' *Hernandez v. Velasquez*, 522 F.3d 556 (5th Cir. 2008). Therefore, Douthit's claim regarding

his cell assignment is dismissed as frivolous.

Douthit also complains that he lost personal property during one of the transfers. An inmate's claim that the defendants deprived him of his property does not state a cause of action where the state provides a remedy. *Hudson v. Palmer*, 468 U.S. 517 (1984); *Lewis v. Woods*, 848 F.2d 649, 651 (5th Cir. 1988). Douthit's claim regarding his property is not actionable because Texas's law of conversion fulfills the requirement set forth in Hudson. *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (citing *Murphy v. Collins,* 26 F.3d 541, 543 (5th Cir.1994)). This claim is also dismissed as frivolous.

### C. ADA, Medical Care, and Retaliation

Douthit claims that Dean, Mooneyham, Volgelsang, Ramsey, and Staples denied him use of the telephone and the showers because of his handicap. State prisons are subject to the provisions of the ADA which prohibits discrimination against individuals on the basis of their disability. *Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206 (1998). It is a violation of the ADA if prison officials deny basic benefits to a disable person such as an amputee when a minimal accommodation, such as a chair would have made these benefits available. *Love v. Westville Correctional Center*, 103 F.3d 558, 560 (7th Cir. 1996). The fact that Douthit may have been able use the phone or showers without a chair would not preclude his claim where the absence of a chair forced him to exert himself to converse or bathe. *See Schmidt v. Odell*, 64 F.Supp.2d 1014, 1033 (D.Kan.,1999). The claim which the defendants must address is not whether Douthit has been entirely prevented from using the

prison's facilities but whether he been provided reasonable accommodations in light of his disability.  *See, e.g., Bragdon v. Abbott,* 524 U.S. 624, 641 (1998) (The ADA "addresses substantial limitations on major life activities, not utter inabilities."); *Gillen v. Fallon Ambulance Serv., Inc.,* 283 F.3d 11, 22 (1st Cir.2002) ("The focus is not on whether the individual has the courage to participate in the major life activity despite her impairment, but, rather, on whether she faces significant obstacles when she does so. The EEOC's emphasis on 'condition, manner, or duration' in contrasting how a disabled person performs an activity and how a member of the general public performs that same activity dovetails with this formulation.")

In addition, Douthit has presented facts which indicate that he has been denied over the counter medication for his stump because he could not afford to pay for it.  Prisoners may be required to pay for medications if they have funds available.  *See Myers v. Klevenhagen*, 97 F.3d 91 (5th Cir. 1996). *See also Reynolds v. Wagner*, 128 F.3d 166, 173 (3d Cir. 1997) ("There is, of course, no general constitutional right to free health care.").  However, when the State incarcerates an individual, it must provide basic services, including healthcare. *Estelle v. Gamble,* 429 U.S. 97, 103 (1976); *see also DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 200 (1989).  Douthit alleges that he has been denied access to basic services as well as medical attention for a serious condition.  Therefore, defendants Dean, Mooneyham, Volgelsang, Ramsey, and Staples shall be instructed to file a response to the allegations in a separate order.

Douthit claims that he has been subject to retaliation and, in support of this claim, alleges that Staples stated to him, "I've got a bone to pick with you for filing ADA grievances on our unit." (Doc. #8, at 1). He then alleges that he was later demoted and that his parole review date was delayed. Douthit has also contended that the numerous transfers were retaliatory. Prisoners' claims of retaliation are considered warily by the courts lest they become embroiled in the multitudes of disciplinary actions and grievances filed daily in the prisons. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Moreover, prisoners do not have a constitutionally protected interest in a particular unit. *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996). However, actions which may harass a prisoner, but are not actionable by themselves, may constitute retaliation if they are undertaken with the purpose of deterring the prisoner from exercising his rights. *Morris v. Powell*, 449 F.3d 682 (5th Cir. 2006); *Scher v. Engelke*, 943 F.2d 921, 924 (8th Cir. 1991). Therefore, Staples will be instructed to respond to Douthit's claim of retaliation.

## IV.  CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's claims regarding prison disciplinary actions, conditions of confinement, and loss of property are **DISMISSED** as **FRIVOLOUS** pursuant

11

to 28 U.S.C. § 1915(e)(2)(B). The following defendants are **DISMISSED** from this suit: Monica Suarez, Sandra Murphy, Cheryl Lawson, Linda Richey, Bruce Armstrong, Oliver J. Bell, and Robert Herrera.

2. The plaintiff's claims regarding ADA violations, denial of medical care, and retaliation are **RETAINED** and the following defendants will be ordered to answer the plaintiff's complaint in a separate order: Kenneth Dean, Devery Mooneyham, Warden Volgelsang, Mr. Ramsey, and Carey Staples.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas on October 8, 2012.

Nancy F. Atlas
United States District Judge

.